# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 06 2007

GREGORY C. LANGHAM
CLERK

April 6, 2007

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589

    Re:    06-1131, United States v. Shields
             Dist/Ag docket:  05-CR-342-REB

Dear Clerk:

    Enclosed is a certified copy of the order and judgment filed in this case which is issued as the mandate of this court. See Fed. R. App. P. 41(a).  Please file it in the records of your court.

    Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:
    Deputy Clerk

clk:klp

cc:
    Matthew T. Kirsch
    Tim Neff, Asst. U.S. Attorney
    James C. Murphy
    Wyatt Burwell Angelo
    Clifford J. Barnard

**F I L E D**
United States Court of Appeals
Tenth Circuit

March 15, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-1131 |
| v. | (D. Colorado) |
| SHAWN C. SHIELDS, also known as Shorty, | (D.C. No. 05-CR-342-REB) |
| Defendant - Appellant. | A true copy<br>Teste<br>Elisabeth A. Shumaker<br>Clerk, U.S. Court of Appeals, Tenth Circuit |

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Shawn Shields was convicted of retaliating against a witness, *see* 18 U.S.C. § 1513, and conspiring to retaliate against a witness, *see id.* § 371. He appeals only the conspiracy conviction. He challenges the admission at trial of a statement to a law-enforcement officer by the witness he assaulted, contending that admission of the statement violated the hearsay rule and the Confrontation Clause. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On May 18, 2005, Jessie Cluff, a Colorado inmate, testified as a government witness in the federal prosecution of two fellow Colorado inmates, Carl Pursley and Wendell Wardell, for conspiring to file fraudulent tax returns while in prison. Mr. Shields and another Colorado inmate, Vernon Templeman, were called as defense witnesses, although they apparently knew nothing about the claimed offenses. On May 23 all five inmates were in holding cells at the federal district court in Denver. Mr. Shields was in the same cell as Cluff and Templeman. Pursley and Wardell were in a nearby cell. A video surveillance camera recorded Mr. Shields and Templeman attacking Cluff.

At Mr. Shields's trial in this case, Cluff testified that while in the cell with Mr. Shields before the assault, he heard shouted conversation between Pursley and Mr. Shields. According to Cluff, Mr. Shields thanked Pursley for getting him transferred temporarily from state prison to the custody of the U.S. Marshals, Pursley responded that "there was a reason why [Mr. Shields] was down there," and Mr. Shields replied that "it would be easier than he thought." In addition, Cluff said that he saw Mr. Shields and Templeman whispering to one another; that Templeman also engaged in shouted conversation with Pursley; and that Pursley yelled that Harry Hall, a fourth prisoner in the cell with Mr. Shields, Templeman, and Cluff, "was all right, he was cool." Cluff testified that Mr. Shields then "told me that my worst nightmare had come true," "[t]hat he was friends with Carl Pursley," and that "the whole purpose of his trip was to get me."

Another witness was a prisoner who had been in the same holding cell as Wardell and Pursley. He testified that he had heard conversations between the holding cells and that he also heard either Wardell or Pursley refer to Cluff and say that Mr. Shields "will take care of him."

The testimony that Mr. Shields challenges came from Deputy U.S. Marshal Lawrence Moltzan. Moltzan tended to Cluff after the assault and transported him to the hospital. Moltzan testified that Cluff told him (1) that before the assault Mr. Shields shouted to Pursley, "Hey, Cluff is down here with us," and (2) that Pursley responded, "Well, you know what to do." Because these statements were offered for the truth of what *Cluff* had asserted, they were hearsay.

The district court admitted Deputy Moltzan's challenged statement as an "excited utterance" under Fed. R. Evid. 803(2). We will assume, without deciding, that the exception was not applicable and admission of the statement was error. Because Mr. Shields objected to the court's ruling, "we review for nonconstitutional harmless error." *United States v. Ledford*, 443 F.3d 702, 707 (10th Cir. 2005). Nonconstitutional error is harmless "unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990) (en banc) (quoting *Kotteakos v. United States*, 328 U.S. 750, (1946)). In our view, admission of Moltzan's statement was harmless under this standard. The evidence of a conspiracy was overwhelming. Not only had Mr. Shields

unquestionably conspired with cellmate Templeman, but the assault could be explained only by the arrangement these two had with Pursley.

Because Mr. Shields made no Confrontation Clause argument below, we review for plain error his Confrontation Clause argument on appeal. *See United States v. LaHue*, 261 F.3d 993, 1009 (10th Cir. 2001). To establish plain error, Mr. Shields must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (internal quotation marks omitted). Because of the overwhelming evidence of guilt, the third prong of this test cannot be satisfied, so we need not consider whether there was any error. *Cf. United States v. Lott*, 310 F.3d 1231, 1242 (10th Cir. 2002).

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge