**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  05-cr-00342-REB-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  SHAWN SHIELDS,

     Defendant.

**ORDER DENYING DEFENDANT'S COMBINED MOTION FOR APPOINTMENT
OF COUNSEL AND FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

**Blackburn, J.**

The matter before me is defendant Shawn Shields's **Combined Motion for Appointment of Counsel and for New Trial Based on Newly Discovered Evidence** [#680],[1] filed November 28, 2011.  I deny the motion.

Mr. Shields is proceeding pro se.  Thus, I have afforded his paper the munificent legal perspective accorded pro se litigants. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Haines v. Kerner**, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] "[#680]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

Mr. Shields asks the court to appoint counsel to assist him in perfecting a motion for new trial based on newly discovered evidence of alleged prosecutorial misconduct. There are at least two problems with this request.

First, it is untimely. Fed. R. Crim. P. 33(b)(1) provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." The jury returned verdicts in this case on December 12, 2005 [#363]. The instant motion was filed nearly six years later. It therefore is clearly untimely and subject to dismissal on that basis alone.[2]

Second, even if I were to consider the motion on the merits, it has none. The evidence that Mr. Shields appends to his motion consists of the transcript of an interview with a Joseph Parsons, who was housed with Mr. Shields at FCI Englewood, which interview was conducted in October 2009, nearly four years after the trial in this case. Obviously, the government is not expected or required to be clairvoyant. Nor has Mr. Shields elaborated on how the evidence, which relates to Mr. Parsons's role in the death of another inmate at FCI Englewood, has any bearing on the verdict rendered in this case, which concerned Mr. Shields's role in retaliating against a witness in a federal trial. **See United States v. LaVallee**, 439 F.3d 670, 700 (10th Cir. 2006) (to be entitled to a new trial, petitioner must demonstrate, *inter alia*, that the newly discovered evidence "is material to the principal issues involved" and "is of such a nature that a new trial would probably produce and acquittal").

---

[2] Although Rule 33 motions are nonjurisdictional, and the limitations imposed thereby thus waivable, such "claim-processing" rules "assure relief to a party properly raising them." **Eberhart v. United States**, 546 U.S. 12, 19, 126 S.Ct. 403, 407, 163 L.Ed.2d 14 (2005). **See also United States v. Garduno**, 506 F.3d 1287, 1290-91 (10th Cir. 2007). The government has invoked the rule properly here, and thus is entitled to its benefit.

**THEREFORE, IT IS ORDERED** that defendant Shawn Shields's **Combined Motion for Appointment of Counsel and for New Trial Based on Newly Discovered Evidence** [#680], filed November 28, 2011, is **DENIED**.

Dated November 8, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge